```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 14-05976-JJT
Kimberly Ann Banning                                                    Chapter 13
         Debtor
                                   CERTIFICATE OF NOTICE
District/off: 0314-5          User: TWilson                Page 1 of 1                  Date Rcvd: Jun 13, 2017
                              Form ID: 3180W               Total Noticed: 14


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2017.
db         +Kimberly Ann Banning,    41 E. Ettwein Street,    Bethlehem, PA 18018-2858
4634035    +ECMC,   PO BOX 16408,    St. Paul, MN 55116-0408
4590120    +Financial Recoveries,    200 E Park Dr Ste 100,    Mount Laurel, NJ 08054-1297

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr          +EDI: PRA.COM Jun 13 2017 19:08:00      PRA Receivables Management, LLC,    PO Box 41067,
              Norfolk, VA 23541-1067
4634506    +EDI: BANKAMER.COM Jun 13 2017 19:08:00      Bank of America, N.A.,    P.O Box 5170,
              Simi Valley, CA 93062-5170
4590119    +EDI: BANKAMER.COM Jun 13 2017 19:08:00      Bk Of Amer,    1800 Tapo Canyon,
              Simi Valley, CA 93063-6712
4590121    +EDI: NAVIENTFKASMSERV.COM Jun 13 2017 19:08:00       Navient,    Po Box 9500,
              Wilkes Barre, PA 18773-9500
4919580     EDI: PRA.COM Jun 13 2017 19:08:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
              Norfolk, VA 23541
4919581     EDI: PRA.COM Jun 13 2017 19:08:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
              Norfolk, VA 23541,    Portfolio Recovery Associates, LLC,    PO Box 41067,    Norfolk, VA 23541
4590122     EDI: AGFINANCE.COM Jun 13 2017 19:08:00      Springleaf Financial S,    601 Nw 2nd St,
              Evansville, IN 47708
4590123     EDI: AGFINANCE.COM Jun 13 2017 19:08:00      Springleaf Financial S,    Rr 1 Box 705,
              Tannersville, PA 18372
4592626     EDI: AGFINANCE.COM Jun 13 2017 19:08:00      Springleaf Financial Services,    PO Box 3251,
              Evansville, IN 47731
4600356     EDI: WFFC.COM Jun 13 2017 19:08:00      Wells Fargo Bank, N.A.,    P.O. Box 19657,
              Irvine, CA 92623-9657
4590124    +EDI: WFFC.COM Jun 13 2017 19:08:00      Wfds/wds,    Po Box 1697,    Winterville, NC 28590-1697
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 13, 2017 at the address(es) listed below:
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Jason Paul Provinzano    on behalf of Debtor Kimberly Ann Banning MyLawyer@JPPLaw.com,
               G17727@notify.cincompass.com
              Jill Manuel-Coughlin    on behalf of Creditor   BANK OF AMERICA, N.A. jill@pkjllc.com,
               chris.amann@pkjllc.com;nick.bracey@pkjllc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
              Joshua I Goldman    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

| | | |
|---|---|---|
| Debtor 1 | **Kimberly Ann Banning** | Social Security number or ITIN  xxx–xx–0982 |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Middle District of Pennsylvania**

Case number:  **5:14–bk–05976–JJT**

# Order of Discharge                                                                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Kimberly Ann Banning
    aka Kimberly A Banning, aka Kimberly Banning

**By the court:**  _[signature]_

June 13, 2017

    Honorable John J. Thomas
    United States Bankruptcy Judge

    By: TWilson, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

    ♦ debts that are domestic support obligations;

    ♦ debts for most student loans;

    ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W  **Chapter 13 Discharge**  page 2

Case 5:14-bk-05976-JJT    Doc 37    Filed 06/15/17    Entered 06/16/17 00:53:30    Desc
Imaged Certificate of Notice    Page 3 of 3